## SAMUEL v. McGOWAN et al.*
### No. 14956.

Court of Appeal of Louisiana. Orleans.
Oct. 29, 1934.

*Rehearing denied November 14, 1934. Writ of certiorari denied January 7, 1935.

Claude L. Johnson, of New Orleans, for appellant.

Edw. Rightor, of New Orleans, for appellees.

LECHE, Judge ad hoc.

Plaintiff brought this suit against defendants for damages for personal injuries as the result of an automobile accident on Carondelet street between Gravier and Union streets. Carondelet street in this vicinity is a one-way street carrying several lines of traffic in the direction of Canal street. Plaintiff's automobile was proceeding down Carondelet street in the direction of Canal street, and the traffic policeman at the corner of Carondelet and Gravier streets had halted the down traffic on Carondelet street in order to permit the cross traffic on Gravier street to pass. Plaintiff's automobile was stopped in obedience to the command of the traffic policeman and two other automobiles were halted immediately in front of plaintiff's automobile, plaintiff's car being the third in line from the intersection of Gravier street. There were four lines of traffic, namely, one line of cars parked immediately next to the right-hand or river side curb of Carondelet street. To the left of this was another line of automobiles, stopped in obedience to the traffic signal, and immediately to the left of this, the second line, was a third line, also stopped in obedience to the traffic signal, and it was in this third line that plaintiff's car was situated, being the third car in line from the intersection. To the left of the line in which the plaintiff's car was situated was another line of cars, also stopped in obedience to the traffic signal, and to the left of this was an open lane next to the left-hand or lake side curb of Carondelet street, where cars are ordinarily allowed to park, but which space is kept free from parked cars during peak traffic hours. Plaintiff alighted from the right or river side of his automobile, turned left and passed around the front of his automobile, and proceeded in the direction of the lake side, or left-hand side of Carondelet street toward the Hibernia Bank Building. He passed between two of the stopped automobiles to the left of the line of traffic in which his automobile stood and, as he emerged into the open lane next to the left-hand curb of Carondelet street, he was struck by defendant's automobile, which was proceeding down this open lane paralleling the line of automobiles which were held up by the traffic policeman at the corner of Gravier and Carondelet streets.

Plaintiff testified that he was 58 years of age and wore bifocal glasses; also, that he was hard of hearing. He testified further that as he passed in front of the car, which was stopped in the left or lake side line of traffic, a gentleman in that car spoke to him and that he looked up and recognized the gentleman as Mr. Mancey; that he put his hand on the fender of this car and returned the greeting; that thereafter he proceeded across the open lane in the direction of the Hibernia Bank Building and was struck by defendant's car, which was proceeding down this lane. He testified further that he was struck when he was within three or four feet from the curb.

Mr. Mancey testified that his car was stopped on Carondelet street in the line of cars nearest the curb and that plaintiff came in front of his car and put his hand on the left fender thereof; that it was at that time that he called to plaintiff; and that plaintiff looked at him and that at about that time plaintiff was struck by defendant's car.

The testimony shows clearly that defendant's car was directed into the open lane next to the lake side curb of Carondelet street by the traffic officer on duty at Union and Carondelet streets and that she was proceeding down this open lane when the accident occurred. The testimony further shows that there were no cars parked next to the lake side curb of Carondelet street and that, had plaintiff looked to the left, his view of defendant's approaching automobile would have been unobstructed. On the other hand, defendants were not in a position to observe plaintiff until he stepped from in front of Mr. Mancey's automobile. The accident occurred at the peak traffic hour on one of the most heavily traveled streets in the business district, and plaintiff, in alighting as he did from his automobile and pursuing a course as he did through traffic, was obligated to exercise the utmost care in negotiating this passage. On the contrary, defendants had every right to expect that the open lane into which they had been directed by the traffic officer would be unobstructed until they reached the intersection, or approached another vehicle, which might have been stopped in front of them near the intersection. We are convinced that plaintiff, as he emerged into the open lane, placed his hand on the left front fender of Mr. Mancey's automobile and looked to see who had called to him, recognizing Mr. Mancey. It was thus that he stepped in front of defendant's automobile. We believe that

defendants exercised all reasonable care in the circumstances and that the accident was caused solely by the negligence of plaintiff in alighting from his automobile and pursuing a course which subjected him to imminent danger in violation of that section of the city traffic ordinance which requires pedestrians to cross streets only at right angles and at street intersections.

The judgment is affirmed.

Affirmed.